UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHN C. GREEN,

      Plaintiff,

v.                                    CASE NO. 8:22-cv-1199-SDM-SPF

TRINITY SERVICES GROUP, INC.,

      Defendant.

_____/

## ORDER

Green, a pretrial detainee, sues Trinity Services Group, Inc. under 42 U.S.C. § 1983.  In his amended complaint, Green alleges that while eating a meal at the Pasco County Detention Center he bit into a rock in his mashed potatoes and "broke [his] bottom tooth."  (Doc. 7 at 5)  A dentist allegedly recommended extracting the broken tooth.  (Doc. 7 at 5)  Although entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the amended complaint is insufficient to warrant service.

First, although jail officials must provide "reasonably adequate food," "[t]he fact that the food occasionally contains foreign objects . . . , while unpleasant, does not amount to a constitutional deprivation."  *Hamm v. DeKalb Cnty.*, 774 F.2d 1567, 1575 (11th Cir. 1985).  The amended complaint describes a single incident in which Green bit into a rock in his mashed potatoes.  Green does not allege that he found a foreign object in his food on any other occasion.  Therefore, he fails to state a constitutional violation based on this isolated incident.

Second, to state a Section 1983 claim against a private contractor, such as Trinity Services Group, Green must show that a custom or policy caused the alleged constitutional violation. *Buckner v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). "Proof of a single incident of unconstitutional activity is not sufficient to impose liability" against a private contractor. *Craig v. Floyd Cnty., Ga.*, 643 F.3d 1306, 1310 (11th Cir. 2011). "Rather, a plaintiff must establish the existence of a pattern of similar violations." *Ireland v. Prummell*, 53 F.4th 1274, 1290 (11th Cir. 2022).

Green alleges that Trinity Services Group "has been irresponsible in its preparation of food" for inmates and that "this is not the first time this has happened here at this jail." (Doc. 7 at 4)  But Green provides no detail about other incidents in which an inmate found a foreign object in the food. Consequently, Green's vague allegations are insufficient to plead that a custom or policy caused the alleged constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Conclusion

1. The amended complaint (Doc. 7) is **DISMISSED** **without prejudice** for failure to state a claim.

2. Not later than **APRIL 11, 2024**, Green may file a second amended complaint. If he amends, Green must complete a new civil rights complaint form marked "Second Amended Complaint."

3.  The second amended complaint supersedes the original and amended complaints and must include all of Green's claims in this action but must not refer to, or incorporate, the earlier pleadings.

4.  **Green's failure to timely file a second amended complaint will result in permanent dismissal of this action without further notice**.

5.  The clerk must mail to Green a prisoner civil rights complaint form.

ORDERED in Tampa, Florida, on March 11, 2024.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE